UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ONTARIO D. FONDREN,

    Plaintiff,

    v.           Case No. 25-CV-1942

JARED HOY, ADM SHANNON BUTCHER,
CHRISTOPHER STEVENS, JAMES KENT,
TONIA ROZMARYNOSKI,
LT. A. MATUSHACK, and D. STRACK,

    Defendants.

## SCREENING ORDER

Plaintiff Ontario D. Fondren, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated.  This matter comes before the Court on Plaintiff's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*).  A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time.  *See* 28 U.S.C. §1915(b)(1).  Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $8.34.  Plaintiff's motion for leave to proceed without prepayment of the filing fee will be granted.

## MOTION FOR AMENDMENT TO STATEMENT OF CLAIM

Plaintiff filed a motion to amend the statement of his claims contained in the complaint. Plaintiff's motion includes seven pages of additional allegations and fifteen pages of exhibits. The Court will not allow Plaintiff to supplement his complaint with piecemeal allegations because the federal rules do not require the defendants to "forever sift through" multiple documents to determine which allegations are made against each defendant. *Jennings v. Emr*, 910 F.2d 1434, 1436 (7th Cir. 1990). Allowing a supplement to the complaint would make it difficult "for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775–76 (7th Cir. 1994). Accordingly, Plaintiff's motion for amendment to statement of claim is denied.

## SCREENING OF THE COMPLAINT

To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). There is a reason that the rule specifies a "short and plain" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). As to the form of pleadings, Rule 10(b) states that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "[L]ength may make a complaint unintelligible, by scattering and concealing in a

2

morass of irrelevances the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d at 378).

Plaintiff's complaint violates Rules 8 and 10 of the Federal Rules of Civil Procedure and will therefore be dismissed. The 14-page complaint (with 52 pages of exhibits) does not include "a short and plain statement of the claim showing that the pleader is entitled to relief," as Rule 8 requires. *See* Fed. R. Civ. P. 8(a)(2). Plaintiff does not state his claims simply and concisely in numbered paragraphs each limited to a single set of circumstances as required by Rule 10. *See* Fed. R. Civ. P. 10(b). As far as the Court can tell, Plaintiff seeks to proceed on the following claims: (1) his placement in protective custody status violated his right to due process and to be free from cruel and unusual punishment; (2) his liberty and property were taken without due process; (3) certain individuals were deliberately indifferent to his medical conditions; (4) the condition of his cell violated his constitutional rights; (5) officers used excessive force and failed to protect him from the use of force; (6) he was denied due process during his conduct report hearing; (7) he was subjected to cruel and unusual punishment as a result of his harsh sentence; and (8) he was retaliated against. The allegations in the complaint are unclear as to which claims Plaintiff is asserting against which defendants.

The complaint's lack of clarity is primarily caused by the fact that Plaintiff attempts to bring unrelated claims in a single case. As instructed by the Seventh Circuit, under the controlling principle of Rule 18(a) of the Federal Rules of Civil Procedure, "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as

many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, the court in *George* reminded district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Although Plaintiff may believe that all of his claims are related, the Court concludes that there are no significant questions of law or fact common to all of Plaintiff's purported claims or all of the defendants that would satisfy Rule 20. Instead, the claims involve distinct incidents that occurred on different days over the course of one year and involve a different core set of defendants. Stated differently, the purported claims against the defendants do not arise out of the same transaction or occurrence nor do they share common questions of law or fact. For example, the factual and legal underpinnings of Plaintiff's claim that his placement in protective custody status violated his right to due process will have nothing in common with the factual and legal underpinnings of his claim that officers used excessive force against him. Even if some of Plaintiff's claims could be joined under Rule 20, the Court concludes that they should be severed under the Court's inherent authority. *See UWM Student Association v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) ("[The federal] rules are broad, giving district courts considerable flexibility in managing and structuring civil litigation for fair and efficient resolution of complex disputes.");

4

*see also Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022) ("A district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met.").

If Plaintiff wants to proceed with this lawsuit, he will need to file an amended complaint by **February 17, 2026**, that contains only related claims and provides a simple, concise, and direct statement of those claims. Plaintiff should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; and (4) what relief he wants the Court to provide. Plaintiff should set forth his allegations in short and plain statements in numbered paragraphs. The numbered paragraphs should be short; they should contain only one or two individual allegations. Plaintiff does not need to include every detail giving rise to his claims. He need only provide enough facts from which the Court can reasonably infer that the defendants did what he alleges they did in violation of his rights. Plaintiff may pursue unrelated claims in different lawsuits, but he is reminded that he must pay the filing fee for every new lawsuit he files.

Moreover, as Plaintiff considers which claims to pursue, he is reminded that §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Further, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under §1983, nor does §1983 create collective or vicarious responsibility. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). This means that only the individual(s) who are allegedly responsible for a violation will be liable. A supervisor is not liable for the alleged misconduct of his or her subordinates unless a plaintiff can demonstrate that the supervisor turned a blind eye to the misconduct while it was occurring. *Perez v. Fenoglio*, 792

5

F.3d 768, 781 (7th Cir. 2015). To be clear, a supervisor failing to discipline a subordinate for a completed act is not the same as a supervisor turning a blind eye to an ongoing act.

The Court will enclose a blank prisoner amended complaint form. Plaintiff must use the blank prisoner amended complaint form to file his amended complaint. *See* Civil L.R. 9 (E.D. Wis.) ("Prisoners appearing pro se who commence an action under 42 U.S.C. §1983 for deprivations of federal rights by persons acting under color of state law must file the complaint with the Clerk of Court using the form available from the Court."). If Plaintiff believes he needs more space than is available on the blank prisoner amended complaint form, he may attach a maximum of *five* pages.

If Plaintiff files an amended complaint, the Court will screen it pursuant to 28 U.S.C. §1915A. If he chooses not to file an amended complaint, the Court will dismiss this action based on his failure to diligently prosecute it.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for amendment to statement of claim (Dkt. No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time to produce his trust account statement (Dkt. No. 8) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that on or before **February 17, 2026**, Plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order.

6

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $341.66 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Plaintiff is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Honorable Byron B. Conway
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 125 S. Jefferson Street, Suite 102
> Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Green Bay, Wisconsin on January 15, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge