ONTARIO D. FONDREN,

Plaintiff,

v.                                                                   Case No. 25-CV-1942

CHRISTOPHER STEVENS,
JAMES KENT,
TONIA DORIS ROZMARYNOSKI, and
DOMINIC STRACK,

Defendants.

## SCREENING ORDER

Plaintiff Ontario D. Fondren, who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. On January 15, 2026, the Court screened and dismissed the original complaint for violating Federal Rules of Civil Procedure 18 and 20 but gave Plaintiff an opportunity to file an amended complaint that only contained related claims and defendants. Dkt. No. 9. Plaintiff subsequently filed an amended complaint.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of

Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

On March 28, 2025, Plaintiff was placed on observation status for stating, "If I am placed in a double cell, I will kill myself without warning." Am. Compl. at 2, Dkt. No. 11. On March 31, 2025, Clinical Doctor Christensen Miller released Plaintiff from observation status. Plaintiff was then placed on temporary lock up (TLU). He was initially told he was placed on TLU pending a conduct report and then told he was placed on TLU for protective confinement. *Id.*

2

On April 4, 2025, Captain Tonia Doris Rozmarynoski interviewed Plaintiff, under the direction of Security Director James Kent, regarding protective confinement placement. Plaintiff made clear that he did not wish to be placed in protective confinement status. He stated that he would comply with being placed in a double cell but did not want to be placed "with just anyone." *Id.* at 3. Captain Rozmarynoski sent a request to Security Director Kent to place Plaintiff in protective confinement status in the restrictive housing unit. On April 7, 2025, Security Director Kent placed Plaintiff on protective confinement status, and Warden Christopher Stevens approved Plaintiff's placement on protective confinement status. *Id.* at 3, 5.

Plaintiff was housed in the restrictive housing unit on protective confinement status for 277 consecutive days. Plaintiff asserts that, in protective confinement status, he was subjected to the same punishments as those placed in the restrictive housing unit for committing Department of Corrections violations. He was deprived of the liberties and property afforded to non-punitive status inmates, such as in-person visits and phone calls, not being handcuffed when leaving a room, and not more than a two-to-five-minute shower a week. *Id.* at 4–5.

In May 2025, after Plaintiff learned that his brother had passed away, Plaintiff was placed in a hearing room with Captain Rozmarynoski and two officers. Plaintiff was handcuffed to a restraint belt fastened around his waist. Captain Rozmarynoski advised that Plaintiff would be placed on observation status. While in the hearing room, Plaintiff was not loud, threatening, or disruptive. Without warning, Officers Kraujaln and Dominic Strack lifted Plaintiff off of his stool, removed Plaintiff's smock, and ripped at his skin. *Id.* at 6. Officer Strack began bending Plaintiff's fingers and wrist back. Captain Rozmarynoski grabbed Plaintiff by the neck and face and bent Plaintiff backwards. Plaintiff began to choke and could not swallow. Captain Rozmarynoski

3

ordered that a spit mask be placed on Plaintiff. Plaintiff claims he has constant tingling and numbness in his left hand and arm as a result of the incident. *Id.* at 7–8.

**ANALYSIS**

"To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). Plaintiff asserts that Captain Rozmarynoski and Officer Strack used excessive force against him in May 2025. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted). The "central question" when evaluating whether force used against a prisoner is excessive in violation of the Eighth Amendment is "whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Fillmore v. Page*, 358 F.3d 496, 503 (7th Cir. 2004) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Based on the allegations in Plaintiff's amended complaint, Plaintiff may proceed on an Eighth Amendment excessive force claim against Captain Rozmarynoski and Officer Strack.

Plaintiff also alleges that he was placed in protective confinement status in the restrictive housing unit without due process. These allegations are not properly joined in this action. *See* Fed. R. Civ. P. 20. Therefore, pursuant to Federal Rule of Civil Procedure 21, the Court will "drop" this claim from the action. If Plaintiff wants to pursue a claim based on his allegations that he was denied due process, he must do so in a separate case. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (explaining that a plaintiff cannot bring unrelated claims against different

4

defendants in the same case). Plaintiff is advised that he must pay the filing fee for every new case he files. Because Plaintiff does not state a claim against Warden Stevens and Security Director Kent related to the May 2025 incident, they will be terminated as defendants from this case.

**IT IS THEREFORE ORDERED** that Warden Stevens and Security Director Kent are **TERMINATED** as defendants in this case.

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Captain Tonia Doris Rozmarynoski and Officer Dominic Strack.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Captain Tonia Doris Rozmarynoski and Officer Dominic Strack shall file a responsive pleading to the amended complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

Honorable Byron B. Conway
c/o Office of the Clerk
United States District Court
Eastern District of Wisconsin
125 S. Jefferson Street, Suite 102
Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin on March 27, 2026.

s/ *Byron B. Conway*
BYRON B. CONWAY
United States District Judge

6